IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-50596
Conference Calendar

_____

KENNETH RAY SIMS,

Plaintiff-Appellant,

versus

JOHNNY SMITH, Captain, Hughes Unit;
DAVID K. VANDIVER,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-94-CV-112
- - - - - - - - - -
(October 18, 1995)

Before POLITZ, Chief Judge, and REAVLEY and SMITH, Circuit Judges.

PER CURIAM:[*]

IT IS ORDERED that Kenneth Ray Sims's motion for leave to proceed in forma pauperis is DENIED. Sims has not shown that he will present a nonfrivolous issue on appeal. Carson v. Polley, 689 F.2d 562, 586 (5th Cir. 1982). Because the appeal is frivolous, it is DISMISSED. See 5th Cir. R. 42.2.

Sims alleged that Captain Smith hit him without provocation, but the defendants presented Sims's disciplinary record in which he pleaded guilty to hitting the officers, and the judgment from his criminal proceeding in which Sims was found

_____

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

guilty of two counts of aggravated assault of a correctional officer. Sims has not refuted this evidence which establishes that the use of force was applied "in a good faith effort to maintain or restore discipline," rather than "maliciously and sadistically to cause harm." Rankin v. Klevenhagen, 5 F.3d 103, 107 (5th Cir. 1993).

This court does not have jurisdiction to review the order denying the motion for appointment of counsel because the magistrate judge denied the motion and Sims did not appeal to the district court. Colburn v. Bunge Towing, Inc., 883 F.2d 372, 379 (5th Cir. 1989).

For the first time on appeal, Sims alleges that he was questioned about the excessive force incident in violation of his Fifth Amendment rights and that he was denied access to the courts. This court need not address issues not considered by the district court. "[I]ssues raised for the first time on appeal are not reviewable by this court unless they involve purely legal questions and failure to consider them would result in manifest injustice." Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

Appeal DISMISSED. Motion for injunctive relief DENIED. See Greene v. Fair, 314 F.2d 200, 201 (5th Cir. 1963).